FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 21, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELE T.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | NO: 2:19-CV-304-FVS<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. ECF No. 8. Having reviewed the parties' filings and the relevant legal precedent, the Court **DENIES** Defendant's Motion to Dismiss, ECF No. 8.

## BACKGROUND

Plaintiff filed an application for disability benefits under Title II of the Social Security Act on September 12, 2017, which was denied initially and upon reconsideration by the Social Security Administration. *See* ECF No. 1 at 2; ECF

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

No. 9 at 3. On March 13, 2018, Plaintiff timely filed a request for a hearing before an Administrative Law Judge ("ALJ"). ECF No. 9 at Ex. 4. The address listed on the request for hearing was in Tennessee ("prior address"). On August 6, 2018, a Notice of Hearing was sent to Plaintiff at her prior address, advising her of the October 3, 2018 date set for the hearing. ECF No. 9 at Ex. 7. The notice was returned as undeliverable. ECF No. 9 at Ex. 8. On September 14, 2018, the hearing office unsuccessfully attempted to contact Plaintiff by telephone. ECF No. 9 at Ex. 9. On September 19, 2018, a "Notice of Hearing – Important Reminder" was sent to Plaintiff at her prior address. ECF No. 9 at Ex. 10. Again, this notice was returned as undeliverable. ECF No. 9 at Ex. 11. Plaintiff submitted evidence, in the form of a declaration, that she notified the Social Security Administration of her new address in September 2018, and asked them to transfer her pending claim to Washington. ECF No. 11.

Plaintiff failed to appear at the hearing scheduled for October 3, 2018, and on October 15, 2018, a request to show cause for her failure to appear was sent to Plaintiff at her prior address. ECF No. 9 at Ex. 12. On October 17, the Social Security Office in Tennessee recorded Plaintiff's change of address to her Washington address ("current address"). ECF No. 9 at Ex. 13. On November 9, 2018, the ALJ dismissed Plaintiff's request for a hearing finding there was no good cause for Plaintiff's failure to appear at the time and place of hearing. ECF No. 9 at Ex. 14. The dismissal was sent to Plaintiff's prior address, and the notification

of dismissal was returned as undeliverable. ECF No. 9 at Exs. 14, 15.

Plaintiff appointed a representative on December 3, 2018. ECF No. 9 at Ex. 17. In a letter dated April 1, 2019, Plaintiff requested that the Appeals Council review the ALJ's dismissal of her hearing request. ECF No. 9 at Ex. 18. On July 26, 2019, the Appeals Council denied Plaintiff's request for review. ECF No. 9 at Ex. 19. On September 3, 2019, Plaintiff filed a civil action before this Court alleging that the Commissioner violated her due process rights by dismissing her request for hearing before the ALJ, thereby denying her a meaningful opportunity to be heard. ECF No. 1. Defendant filed a motion to dismiss for lack of subject matter jurisdiction, due to Plaintiff's failure to exhaust her administrative remedies. ECF No. 8. Plaintiff responds that the Court has jurisdiction to review the matter because she has asserted a colorable constitutional claim, namely, that her due process rights were violated by the Commissioner's failure to provide her with a meaningful opportunity to be heard. ECF No. 10.

## DISCUSSION

Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) of the Social Security Act, which reads in relevant part:

> Any individual, after any *final decision* of the Commissioner of Social Security *made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 3

42 U.S.C. § 405(g) (emphasis added).  Thus, pursuant to the Social Security Act, the Court has jurisdiction to review only a "'final decision of the [Administration] made after a [statutorily mandated] hearing.'" *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (quoting *Califano v. Sanders*, 430 U.S. 99, 109 (1977)); 42 U.S.C. § 405(g).  The meaning of the term "final decision" in Section 405(g) is left to the Commissioner "to flesh out by regulation." *Weinberger v. Salfi,* 422 U.S. 749, 766 (1975); *see also Mathews v. Eldridge,* 424 U.S. 319, 330 (1976) ("[U]nder s 405(g) the power to determine when finality has occurred ordinarily rests with the Secretary.").  That said, it is well-settled in the Ninth Circuit that the "final decision" of the Commissioner consists of two elements: "(1) the 'jurisdictional' non-waivable requirement of presentment of the claim for benefits (presentment); and (2) the 'waivable' requirement of exhaustion of administrative remedies (exhaustion)." *See, e.g., Cassim v. Bowen,* 824 F.2d 791, 794 (9th Cir. 1987).

Exhaustion requires a claimant to proceed through all stages of the administrative appeals process.  Under Social Security Administration regulations, an individual claiming entitlement to benefits first receives an initial determination. 20 C.F.R. § 404.902.  If dissatisfied with this determination, the claimant may ask for reconsideration.  20 C.F.R. § 404.907. If dissatisfied with the reconsidered determination, the claimant may request a hearing before an Administrative Law Judge (ALJ).  20 C.F.R. § 404.929.  Finally, if the claimant is dissatisfied with the ALJ's hearing decision, the claimant may request that the Appeals Council review

the decision. 20 C.F.R. § 404.967. The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner, or the Appeals Council may grant the request for review and issue its own decision. 20 C.F.R. § 404.981. The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless the party files an action in Federal district court or the decision is revised. *Id.*

Here, Defendant argues that Plaintiff failed to exhaust her administrative remedies because the ALJ dismissed Plaintiff's request for hearing due to Plaintiff's failure to appear. Thus, concludes Defendant, there is no judicially reviewable "final decision," and the Court lacks subject matter jurisdiction to review this action. ECF No. 8 at 4-5 (citing *Califano*, 430 U.S. at 109). Plaintiff responds that the Court has subject matter jurisdiction, as she has set out facts in her Complaint "giving rise to a colorable claim that her right to be heard was violated by the Commissioner's failure to send out the Notice of Hearing at least 75 days before the hearing, as required under 20 C.F.R. § 404.938 and by the ALJ's failure to consider the factors set out in 20 C.F.R. § 404.936(e) before dismissing Plaintiff's claim." ECF No. 10 at 3. The parties do not appear to dispute that there has not been a judicially-reviewable final decision on Plaintiff's application; thus, the Court's jurisdiction to review the ALJ's dismissal of Plaintiff's request for hearing hinges on whether Plaintiff alleges a colorable

constitutional claim that her due process rights were violated by the ALJ's failure to follow Administration regulations and properly consider whether Plaintiff had good cause for failing to attend the hearing.

As noted by Plaintiff, a discretionary decision by the Administration that is not a final decision may be subject to an exception where the Commissioner's decision "is challenged on constitutional grounds." *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir. 1997) (citing *Califano*, 430 U.S. at 109); 42 U.S.C. § 405(g)). This "exception applies to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (internal quotation marks and citation omitted). A "mere allegation of a due process violation is not a colorable constitutional claim." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (internal quotation marks and citation omitted). "Rather, the claim must be supported by facts sufficient to state a violation of substantive or procedural due process." *Id.* (internal quotation marks and citation omitted).

Due process requires that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits may be denied. *Mathews*, 424 U.S. at 333. However, under the applicable regulations, the ALJ may dismiss a request for a hearing if the claimant was provided notice, but failed to appear at the time and place of the hearing without good cause. 20 C.F.R. §

404.957(b)(1)(i). To provide notice, the SSA mails notice of the hearing to the claimant's last known address at least 75 days before the hearing. 20 C.F.R. § 404.938(a). The claimant must acknowledge having received notice. 20 C.F.R. § 404.938(c). If the claimant or claimant's representative does not acknowledge receipt of the notice of the hearing, the SSA will attempt to contact the claimant for an explanation. *Id.* If the claimant informs the SSA that he or she did not receive the notice of hearing, an amended notice will be sent. *Id.*

Here, it is uncontested that the Social Security Administration violated its own regulations by failing to send out the notice of hearing at least 75 days before the hearing.[1] See ECF No. 8 at 7 (Defendant acknowledges that notice was dated

---

[1] Defendant contends that Plaintiff does not "establish [] that this difference violated her due process rights" because "the Court should consider whether a notice was 'reasonably calculated' to inform [Plaintiff] of the hearing even when the agency overlooks specific regulatory requirements for the notice." ECF No. 8 at 7 (citing *Khan v. Ashcroft*, 374 F.3d 825, 828 (9th Cir. 2004)). However, as noted by Plaintiff, *Kahn* is inapplicable in this case because the agency in *Kahn* was specifically noted to have adhered to the statutorily imposed procedural requirements, whereas here "the Commissioner, by his own admission, failed to follow the Regulations when the Notice of Hearing was not sent out at least 75 days before the hearing." ECF No. 10 at 4-5. Moreover, as discussed in this order,

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 7

August 6, 2018, which "gave Plaintiff 61 days notice of the October [3], 2018 hearing date"). It is further uncontested that the first notice of hearing sent to Plaintiff's prior address on August 6, 2018, was returned as undeliverable; the Commissioner's attempt to contact Plaintiff by phone on September 14, 2018 was unsuccessful; and the amended notice of hearing dated September 19, 2018, was sent to Plaintiff's prior address and returned as undeliverable. *See* ECF No. 9. Moreover, after Plaintiff did not appear at the scheduled October 3, 2018 hearing, a request to show cause for her failure to appear, dated October 15, 2018, was sent to Plaintiff's prior, incorrect, address. ECF No. 9 at Ex. 12. As noted in the ALJ's dismissal order, Plaintiff did not respond to this order. ECF No. 9 at Ex. 14. Thus, the record indicates that at no point did Plaintiff acknowledge receipt of any attempts by the Commissioner to notify her of the scheduled hearing date, all of which had been sent to her prior address.

In addition, Plaintiff has submitted evidence that she called the Social Security Administration in September 2018 and asked to have her claim transferred to Washington. ECF No. 11. Of particular note, Defendant acknowledges that the Social Security Office in Tennessee recorded Plaintiff's change of address to her Washington address on October 17, 2018; nonetheless, the November 9, 2018 dismissal of Plaintiff's request for hearing still was addressed to Plaintiff's prior

it is unclear in this case whether Plaintiff received actual notice of her hearing sufficient to meet due process requirements.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 8

Tennessee address, and the letter again was returned as undeliverable. ECF No. 9 at 4.

In dismissing Plaintiff's hearing request, the ALJ generally "considered the factors set forth in 20 C.F.R. § 404.957(b)(2) and [found] there is no good cause for [Plaintiff's] failure to appear at the time and place of hearing." ECF No. 9 at Ex. 14. Defendant argues that

> [s]ince Plaintiff failed to appear and then failed to respond to the October 15, 2018 order to show cause, the ALJ appropriately waited 10 days before dismissing the hearing request in his November 10, 2018 order. Although Plaintiff had changed her address with the agency by that time, this was only after she failed to respond to two months of notices from the ALJ. There was no regulatory requirement for the ALJ to find a showing of "good cause" for failure to appear simply because [Plaintiff] waited months to advise the agency that she had moved.

ECF No. 8 at 8 (internal citations omitted). However, the regulations specifically provide good cause for missing a deadline may exist when a claimant did not receive notice of a determination. 20 C.F.R. § 404.911(a), (b)(7). As discussed in detail previously, Plaintiff presents evidence that she did not receive the notices of hearing or the order to show cause, all of which were returned as undeliverable, and despite informing the Commissioner of her change of address, the order of dismissal was sent to her prior address. Moreover, it is undisputed that the Commissioner failed to send the notice of hearing 75 days before the scheduled hearing date, as required under Social Security regulations.

Because the ALJ failed to follow Administration regulations requiring him to determine whether Plaintiff had been notified that her hearing request could be

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 9

dismissed if she did not appear at the time and place of hearing, the Court concludes that Plaintiff has alleged a colorable constitutional violation implicating her right to a meaningful opportunity to be heard. *See, e.g., Dexter v. Colvin*, 731 F.3d 977, 981–82 (9th Cir. 2013) (finding due process violation where ALJ failed to follow regulations while noting that not every failure would necessarily rise to that level); *see also Howard v. Heckler*, 661 F.Supp. 654, 656 (N.D. Ill. 1986) ("[I]t would be curious indeed if the [Commissioner] could foreclose judicial review, for whatever reason, by merely denying the claimant a hearing. This concern is heightened where, as here, the claimant alleges that the agency denied him a hearing in violation of its own regulations.").

Therefore, the Court finds that Plaintiff is entitled to judicial review of her Title II application for benefits, despite the fact that no final agency decision has been issued by the Commissioner in this case. However, because no hearing before an ALJ has been held in this matter, and because no final determination on the merits of plaintiff's claims has been made at the administrative review level, this matter should be remanded to the Commissioner for further administrative proceedings in that regard.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, **ECF No. 8**, is **DENIED**.

2. This matter is **REMANDED** to the Commissioner for an administrative hearing and consideration of Plaintiff's application for benefits on its merits.

3. Application for attorney fees may be filed by separate motion.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** January 21, 2020.

                    *s/ Rosanna Malouf Peterson*
                 ROSANNA MALOUF PETERSON
                    United States District Judge